Nos. 11-56986, 12-55429
_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

SGT. JEFFREY S. SARVER,

Plaintiff and Appellant,

v.

NICHOLAS CHARTIER, et al.

Defendants and Appellees.
_____

On Appeal from the United States District Court, Central District of California
The Honorable Jacqueline H. Nguyen
Case No. 2:10-CV-09034 JHN (JCx)
_____

**MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT
OF DEFENDANTS/APPELLEES BY MOTION PICTURE ASSOCIATION
OF AMERICA, INC. AND ENTERTAINMENT MERCHANTS
ASSOCIATION**
_____

KELLI L. SAGER (SBN: 120162)
KAREN A. HENRY (SBN: 229707)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800/Facsimile: (213) 633-6899

Attorneys for Amici Curiae
MOTION PICTURE ASSOCIATION OF AMERICA, INC. and
ENTERTAINMENT MERCHANTS ASSOCIATION

## <u>MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF</u>

Pursuant to Federal Rule of Appellate Procedure 29(b), the Motion Picture Association of America, Inc. ("MPAA") and Entertainment Merchants Association ("EMA") (collectively "Amici") hereby request leave to file the accompanying <u>amici</u> <u>curiae</u> brief in support of Defendants/Appellees in this action.[1]

MPAA is a not-for-profit trade association founded in 1922 to address issues of concern to the United States motion picture industry. Its members[2] and their affiliates are the leading producers and distributors of audiovisual entertainment in the theatrical, television and DVD/home video markets. MPAA often has appeared as <u>amicus</u> <u>curiae</u> in cases involving claims that potentially implicate the First Amendment rights of its members, including cases (like this one) in which the plaintiff is attempting to assert a right-of-publicity claim based on allegations that his name, likeness, or persona was used in an expressive work.

Entertainment Merchants Association ("EMA") is a not-for-profit international trade association dedicated to advancing the interests of the home

---

[1] No part of this brief was authored by any party or their counsel, and no person or entity other than MPAA's members contributed money that was intended to fund the preparation or submission of this brief. FRAP 29(c)(5)(a)-(c).

[2] The members of MPAA are: Paramount Pictures Corporation; Sony Pictures Entertainment Inc.; Twentieth Century Fox Film Corporation; Universal City Studios LLC; Walt Disney Studios Motion Pictures; and Warner Bros. Entertainment Inc.

1

entertainment industry. EMA-member companies operate approximately 50,000 retail outlets around the world that sell and/or rent DVDs, computer and console video games, and digitally distributed versions of these products. Membership comprises the full spectrum of retailers (from single-store specialists to multi-line mass merchants, and both brick and mortar and online stores), distributors, the home video divisions of major and independent motion picture studios, video game publishers, and other related businesses that constitute and support the home entertainment industry.[3] EMA members manufacture, distribute, sell, and rent a wide variety of expressive works in the motion picture and video game formats. On their behalf, EMA and its predecessor organizations have initiated lawsuits and have appeared as amicus curiae in cases to protect the right to produce, sell, and rent entertainment products.

Examples of MPAA's and EMA's prior amici efforts include Keller v. Electronic Arts Inc., Case No. 10-15387 (9th Cir., argued July 13, 2012), which currently is pending before this Court. MPAA filed an amicus brief addressing the proper application of the California Supreme Court's "transformative-use" test in a right-of-publicity case involving videogames, explaining the need for a bright-line

---

[3] EMA was established in April 2006 through the merger of the Video Software Dealers Association (VSDA) and the Interactive Entertainment Merchants Association (IEMA).

2

test to protect the important constitutional interests implicated by misappropriation claims arising from motion pictures inspired by real people or events.

MPAA also appeared before the California Supreme Court as <u>amicus curiae</u> in <u>Winter v. DC Comics</u>, 30 Cal. 4th 881 (2003) (discussing application of the "transformative use" test to a right-of-publicity claim), and <u>Christoff v. Nestle USA, Inc</u>., 47 Cal. 4th 468 (2009) (advocating for adoption of the single-publication rule to misappropriation claims).[4]

In addition, EMA appeared as <u>amicus curiae</u> in <u>U.S. v. Alvarez</u>, 132 S. Ct. 2537 (2012) (arguing in a challenge to federal Stolen Valor Act that false speech is not unprotected by the First Amendment); and <u>U.S. v. Stevens</u>, 130 S. Ct. 1577 (2010) (arguing that there is no constitutional basis for criminalizing depictions of animal cruelty).

Motion picture studios like the members of MPAA, as well as independent filmmakers, producers, directors, and screenwriters, often are the targets of lawsuits by individuals who were depicted in feature films, or individuals who claim to have been the inspiration for a fictional character in a film. Even where

---

[4] <u>See also</u> <u>Tyne v. Time Warner Entm't Co., L.P.</u>, 901 So.2d 802 (Fla. 2005) (MPAA and EMA (then VSDA) appeared as <u>amicus curiae</u> in a misappropriation lawsuit arising from the motion picture, "The Perfect Storm," arguing that expressive works are categorically exempt from Florida's publicity rights statute); <u>Hart v. Electronic Arts, Inc.</u>, Case No. 11-3750 (3d Cir., appeal filed Oct. 5, 2011) (MPAA submitted an <u>amicus curiae</u> brief urging the Third Circuit to find that the First Amendment protects creators of expressive works from liability for right-of-publicity claims).

the claims are found to be without merit (as they typically are), the litigation can be protracted and expensive.[5] If this Court adopts Appellant Jeffrey Sarver's restrictive view of the First Amendment, however, the number of lawsuits brought against filmmakers would increase exponentially, since every person who is referenced in a film – or who claims to have been the inspiration for a fictional character in it – could use the threat of expensive litigation to demand payment.

As discussed in the proposed Amici brief, this Court should reject Appellant's attempt to dramatically narrow the constitutional protections for creative works. Instead, this Court should use this opportunity to ensure that First Amendment rights are safeguarded, by holding that the Constitution does not permit right-of-publicity claims to arise from expressive works that are inspired by, or based on, real people or events.

At minimum, if this Court finds that such claims ever survive constitutional scrutiny, it should articulate a clear, cogent test that can be applied at the earliest stages of a lawsuit involving an expressive work. Because of the inherent problems with the "transformative-use" test, this Court should reject that test in favor of the Rogers/Restatement test, which limits misappropriation claims arising from expressive works to situations where the use of the plaintiff's name, likeness,

---

[5] Moreover, members of the MPAA and others involved in the creation and distribution of motion pictures receive many threatened claims for every lawsuit that is actually filed.

4

or persona is wholly unrelated to the work, or where the use is simply a "disguised commercial advertisement" for the sale of unrelated goods or services. See Rogers v. Grimaldi, 875 F. 2d 994 (2d Cir. 1989); see also Restatement (Third) of Unfair Competition, § 47, cmt. c (use of person's identity in creative works is permitted unless "the name or likeness is used solely to attract attention to a work that is not related to the identified person"). By doing so, this Court can help to ensure that the burden of expensive and protracted litigation does not chill the exercise of important constitutional rights.

For all these reasons, set forth in more detail in the attached brief, MPAA and EMA respectfully request that this Court grant their motion to file the accompanying amicus brief. Counsel for the Defendants/Appellees **do not** oppose this Motion. See attached Declaration of Kelli L. Sager at ¶¶ 4, 7. Counsel for Plaintiff/Appellant **does** oppose this Motion. Sager Decl. at ¶ 6.

RESPECTFULLY SUBMITTED this 29th day of August, 2012.

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
KAREN A. HENRY

By _____/s/ Kelli L. Sager_____
          Kelli L. Sager

Attorneys for Amici Curiae
MOTION PICTURE ASSOCIATION OF
AMERICA, INC. and ENTERTAINMENT
MERCHANTS ASSOCIATION

5

9th Circuit Case Number(s) | 11-56986, 12-55429

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____ .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) August 29, 2012 .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

See Attached Service List.

Signature (use "s/" format) | /s/ Gino M. Pasquale

**SERVICE LIST**

Michael R. Dezsi, Esq.
LAW OFFICES OF MICHAEL R. DEZSI, PLLC
615 Griswold, Suite 700
Detroit, MI  48226

Todd J. Weglarz, Esq.
LAW OFFICES OF TODD J. WEGLARZ
30903 Northwestern Highway
Farmington Hills, MI  48334

Erik L. Jackson, Esq.
Nathan Dooley, Esq.
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA  90017

Dale F. Kinsella, Esq.
Jeremiah T. Reynolds, Esq.
KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, CA  90401

David Halberstadter, Esq.
Rebecca F. Ganz, Esq.
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067

Timothy J. Gorry, Esq.
Jon-Jamison Hill, Esq.
Jackie M. Joseph, Esq.
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, CA  90210

Geoffrey Nels Fieger, Esq.
FIEGER FIEGER KENNEY JOHNSON AND GIROUX PC
19390 West Ten Mile Road
Southfield, MI  48075

Linda George
577 Summit Avenue
Hackensack, NJ  07601

Andrew J. Hughes, Esq.
Stephen M. Orlofsky, Esq.
BLANK ROME LLP
301 Carnegie Center
Princeton, NJ  08540

Scott A. Resnik, Esq.
KATTEN MUCHIN ROSENMAN, LLP
575 Madison Avenue
New York, NY  10022