_____
Docket No. 11-56986
Docket No. 12-55429
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

SGT. JEFFREY S. SARVER,

Plaintiff-Appellant

v.

NICHOLAS CHARTIER; et. al.,

Defendants-Appellees,

and

PLAYBOY ENTERPRISES, INC.,

Defendant

On Appeal from the United States District Court, Central District of California
No. 2:10-CV-09034 JHN-JC
JUDGE JACQUELINE H. NGUYEN

APPELLANT'S CONSOLIDATED REPLY BRIEF

Submitted by:

Michael R. Dezsi
Law Office of Michael R. Dezsi, PLLC
615 Griswold, Suite 700
Detroit, MI 48226
(313)281-8090
www.dezsilaw.com
Counsel for Plaintiff-Appellant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ... ii

REPLY BRIEF ... 1

    1  The district court erred in holding that Defendants established that Sarver's claims arose from an act in furtherance of their First Amendment rights. ... 1

    2  The district court erroneously applied the transformative use test because a reasonable factfinder could conclude that Will James character in "The Hurt Locker" was appropriated directly from Sgt. Sarver's life and lacked "significantly distinctive and expressive content" for First Amendment protection. ... 2

    3  Sarver's misappropriation claim was erroneously stricken. ... 3

        a.  The district court correctly declined to rule that Sarver was a limited purpose public figure ... 3

        b.  The misappropriation claim has more than satisfied the minimal merit standard. ... 4

CONCLUSION ... 5

# INDEX OF AUTHORITIES

## Cases

*Dyer v Childress*, 147 Cal. App. 4th 1273(2007) ............................................................................ 1

*ETW v Jireh Publ., Inc.*, 332 F. 3d 915, 928 (6th Cir. 2003) ......................................................... 2

*Kirby v Sega*, 144 Cal App 4th 47 (2006) ...................................................................................... 3

*Polydoros v Twentieth Century Fox Film Corp.*, 67 Cal App. 4th 318 (1997) .............................. 4

*Tamkin v CBS Broadcasting, Inc.*, 193 Cal App 4th 133 (2011) ................................................... 1

*Winters v DC Comics*, 30 Cal. 4th 881(2003) ................................................................................ 3

**REPLY BRIEF**

1. **The district court erred in holding that Defendants established that Sarver's claims arose from an act in furtherance of their First Amendment rights.**

Appellees defend the district court's broad determination that the principal thrust of Sarver's misappropriation claim chilled their First Amendment rights in connection with a public issue. The court's ruling, however, casts aside long-standing checks and balances and makes the First Amendment a weapon to defeat Jeffrey Sarver's right to privacy. The decision condones the theft of Sarver's property interest in his persona and life story.

Appellees' reliance upon *Tamkin v CBS Broadcasting, Inc.*, 193 Cal App 4th 133 (2011) is misplaced. In *Tamkin*, defendants simply used plaintiffs' real names as "placeholders" for guest characters in early drafts of an in preproduction script for an episode of the television show "CSI: Crime Scene Investigation." The present situation is more analogous to *Dyer v Childress*, 147 Cal. App. 4th 1273(2007) as discussed at pp 23-26 of Plaintiff's opening brief. The *Dyer* Court correctly recognized that the focus of the analysis should be upon whether there was any connection between the issues of public interest and Plaintiff's actual legal claims. Here, Sarver, like Dyer was a private individual who never "injected himself… into public debate."

In short, the principal thrust of Sarver's claim is not to censor, but to prevent Appellees from misappropriating the economic value of his persona. As the Sixth Circuit Court of Appeals recognized in *ETW v Jireh Publ., Inc.*, 332 F. 3d 915, 928 (6th Cir. 2003), it is "the inherent right of every human being to control the commercial use of his own identity."

> **2. The district court erroneously applied the transformative use test because a reasonable factfinder could conclude that the Will James character in "The Hurt Locker" was appropriated directly from Sgt. Sarver's life and lacked "significantly distinctive and expressive content" for First Amendment protection.**

Appellees and the district court fail to recognize that the transformative use test focuses on depictions of the individual, and not the work as a whole. The movie's "Will James" character is an unauthorized depiction of Sgt Jeffrey Sarver, and not primarily a product of Boal's artistic expression as the scriptwriter. While courts have often made reference to whether a "work" is transformative, as discussed in Appellant's opening brief, each court's analysis has clearly focused on the depiction of the individual within the work.

The similarities between the Will James character as portrayed by the actor Jeremy Renner and Sgt Sarver expose no transformative elements. Moreover the Iraq theater of war was where Sarver disarmed bombs is the same as where Renner's Will James character disarmed bombs in "The Hurt Locker." Indeed, the movie was filmed in a manner designed to ensure the gritty realism of the Iraq

2

War, not to transform the character to a different environment. The movie does not transform the ordnance disposal character in the movie into the futuristic outer space fantasy worlds of *Kirby v Sega*, 144 Cal App 4th 47 (2006) or into the phantasmagical setting of *Winters v DC Comics*, 30 Cal. 4th 881(2003). The transformative use test should not have been applied to extend First Amendment protection in this case.

### 3. Sarver's misappropriation claim was erroneously stricken.

   a. The district court correctly declined to rule that Sarver was a limited purpose public figure.

Appellees contend that Sarver is a limited purpose public figure and that his claims are subject to an actual malice standard. The district court found it unnecessary to decide the issue and Appellant asserts this Court should do likewise. Appellees claim that Sarver somehow became a limited purpose public figure when his superior officer ordered him to cooperate with Boal. Appellees cast this as "voluntarily participating". Appellees also conveniently ignore the fact that Sarver complained to his superior officer and unsuccessfully requested changes when he saw a pre-publication copy of Boal's "Man in a Bomb Suit" article that was later published in Playboy and then adapted by Boal as the script for "The Hurt Locker" movie. Appellees cite no legal authority holding that a plaintiff becomes a limited purpose public figure on facts like those in this case.

Appellees also conveniently ignore the fact that Sarver has had no discovery in this case when they brazenly assert that Sarver did not submit clear and convincing evidence that they acted with actual malice. Respectfully, their "actual malice" argument warrants no consideration by this Court.

> b. The misappropriation claim has more than satisfied the minimal merit standard.

Appellees of course emphasize the differences no matter how small between "The Hurt Locker's" Will James characters, while Appellant emphasizes the similarities. The district judge here usurped the fact finding role of the jury by choosing to side with Defendants and by holding that Sarver's claims lacked even minimal merit. The facts of this case are not analogous to *Polydoros v Twentieth Century Fox Film Corp.*, 67 Cal App. 4th 318 (1997). "The Hurt Locker" reveals private facts about Sarver. He has sufficiently alleged facts and damages that satisfy the test for moving forward with the lawsuit. The dismissal by the district court should be reversed.

## CONCLUSION

For all the reasons set forth, in Appellant's Opening Brief and in this Reply, the district court decision granting the anti-SLAPP motion to strike should be reversed and the attorney fee awards should be vacated.

**Submitted by:**

*/s/ Michael R. Dezsi*
**Michael R. Dezsi**
**Law Office of Michael R. Dezsi, PLLC**
**615 Griswold, Suite 700**
**Detroit, MI 48226**
**(313)281-8090**
**www.dezsilaw.com**

## CERTIFICATE OF COMPLIANCE

I certify under Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1 that the opening brief is proportionally spaced, has a type face of 14 points and contains 893 words (excluding the cover page, table of contents, table of authorities, certificate of Service and certificate of compliance).

/s/ *Michael R. Dezsi*
**Michael R. Dezsi**

Dated: September 10, 2012

## CERTIFICATE OF SERVICE

MICHAEL R. DEZSI certifies that on September 10, 2012, he electronically filed the foregoing with the Clerk of the Court using the court's electronic filing system which will send notification of such filing to all interested parties.

/s/ Michael R. Dezsi
Michael R. Dezsi