No. 11-56986

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**Sgt. Jeffrey S. Sarver**,
*Plaintiff-Appellant*,

v.

**Nicolas Chartier**, *et al.*,
*Defendants-Appellees*,

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
CASE NO. 2:10-CV-09034-JHN-JC

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF AND [PROPOSED] AMICUS CURIAE BRIEF OF THE MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION, MAJOR LEAGUE SOCCER PLAYERS UNION, NATIONAL BASKETBALL PLAYERS ASSOCIATION, NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, AND NATIONAL HOCKEY LEAGUE PLAYERS' ASSOCIATION IN SUPPORT OF PETITION FOR REHEARING OR REHEARING EN BANC**

MICHAEL RUBIN
P. CASEY PITTS
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
*Counsel for Amici Curiae*

(Additional Counsel on Inside Cover)

**ADDITIONAL COUNSEL FOR AMICI CURIAE**

SEAN SANSIVERI
National Football League
Players Association
1133 20th Street, NW
Washington, DC  20036
*Counsel for Amicus Curiae*
*National Football League*
*Players Association*

DAVID PROUTY
Major League Baseball
Players Association
12 East 49th Street, 24th Floor
New York, NY  10017
*Counsel for Amicus Curiae*
*Major League Baseball*
*Players Association*

DON ZAVELO
National Hockey League
Players' Association
20 Bay Street Suite 1700
Toronto, ON  M5J 2N8
*Counsel for Amicus Curiae*
*National Hockey League*
*Players' Association*

GARY KOHLMAN
National Basketball
Players Association
310 Lenox Avenue
New York, NY  10027
*Counsel for Amicus Curiae*
*National Basketball*
*Players Association*

JON NEWMAN
Sherman, Dunn, Cohen, Leifer
    & Yellig, P.C.
900 Seventh Street, N.W., Suite 1000
Washington, D.C.  20001
*Counsel for Amicus Curiae*
*Major League Soccer*
*Players Union*

**CORPORATE DISCLOSURE STATEMENT**

The National Football Players Association and National Basketball Players Association are corporations that do not issue stock and have no parent corporations.  The Major League Baseball Players Association, National Hockey League Players' Association, and Major League Soccer Players Union are unincorporated associations.

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Pursuant to Fed.R.App.P. 29(b) and Circuit Rule 29-2(b), the Major League Baseball Players Association, Major League Soccer Players Union, National Basketball Players Association, National Football League Players Association, and National Hockey League Players' Association ( "Player Associations") seek leave to file the attached amicus brief in support of the pending petition for rehearing or rehearing en banc.[1]

The Player Associations are labor unions that represent professional athletes in collective bargaining, group licensing, and other matters. The Associations have a strong interest in obtaining rehearing of the panel's February 17, 2016 published decision, insofar as it states, "By its terms, California's right of publicity law clearly restricts speech based on content," and "[i]f California's right of publicity law applies in this case, it is simply a content-based restriction [that] is presumptively unconstitutional, and cannot stand unless Sarver can show a compelling state interest in preventing the defendant's speech, [which] Sarver cannot do . . . ." *Sarver v. Chartier*, No. 11-56986, Slip Op. at 22, 26-27 (footnote omitted).

The panel's statement that California's right of publicity constitutes a content-based restriction of speech subject to strict constitutional scrutiny threatens to undermine the Player Associations' ability to protect their members from

---

[1] Defendants-appellees declined to consent to the Player Associations' proposed filing.

1

unauthorized commercial exploitation of their likenesses and identities in products that include any element of expressive content. The proposed amicus brief will assist the Court by explaining: 1) why the panel's holding is contrary to prior Ninth Circuit, Supreme Court, and other appellate precedents; 2) how the panel (or the en banc court) could decide this appeal without holding that the right of publicity constitutes a content-based restriction on speech; and 3) why the panel should either rehear the case and modify its decision or the Ninth Circuit should vacate the panel decision and hear this case en banc.

Dated: March 11, 2016     By:     /s/ *Michael Rubin*
                                                   Michael Rubin

MICHAEL RUBIN
P. CASEY PITTS
Altshuler Berzon LLP
*Counsel for Amici Curiae*

SEAN SANSIVERI
National Football League
Players Association
*Counsel for Amicus Curiae
National Football League
Players Association*

DAVID PROUTY
Major League Baseball
Players Association
*Counsel for Amicus Curiae
Major League Baseball
Players Association*

2

DON ZAVELO
National Hockey League
Players' Association
*Counsel for Amicus Curiae*
*National Hockey League*
*Players' Association*

GARY KOHLMAN
National Basketball
Players Association
*Counsel for Amicus Curiae*
*National Basketball*
*Players Association*

JON NEWMAN
Sherman, Dunn, Cohen, Leifer
    & Yellig, P.C.
*Counsel for Amicus Curiae*
*Major League Soccer*
*Players Union*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeal for the Ninth Circuit by using the appellate CM/ECF system on March 11, 2016.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: March 11, 2016                     */s/ Michael Rubin*
                                          Michael Rubin